```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 16-CIV-22951-GAYLES
                            MAGISTRATE JUDGE P.A. WHITE

THADDEUS E. COBB,              :

    Petitioner,                :

v.                             :      REPORT OF
                                      MAGISTRATE JUDGE
JULIE JONES,                   :

    Respondent.                :
_____
```

## Introduction

Thaddeus E. Cobb, who is presently confined at Hamilton Correctional Institution in Jasper, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in case number F09-40382, entered in the Eleventh Judicial Circuit Court of Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The court has before it the petition for writ of habeas corpus [DE#1], Respondent's response to an order to show cause and appendix of exhibits [DE#11], and Petitioner's reply [DE#12].

## Claims

Petitioner's sole claim in this proceeding is that the state trial court improperly denied him jail credit.

<u>Procedural History</u>[1]

Petitioner was charged with DUI manslaughter, DUI causing serious bodily injury, possession of cannabis, and careless driving. (Ap. J). The State subsequently filed a notice of intention to seek enhanced penalty as a habitual felony offender was filed on January 15, 2010. (Ap. K).

On March 11, 2013, Petitioner entered a guilty plea (adjudication withheld) and was sentenced to a split sentence on all counts to a concurrent term of 21 months of incarceration, with 691 days' credit time served in county jail, followed by four years of probation, as a habitual felony offender (Ap. N).

Petitioner was released from prison on March 12, 2013. An affidavit for violation of probation was filed on August 30, 2013, which alleged that Petitioner was in possession of cocaine as shown by a positive drug test on the same date. (Ap. P). As a result of a negotiated plea, Petitioner admitted his violation of probation and was resentenced to six years in prison. (Ap. T). At the same time Petitioner entered his plea, the Petitioner also completed an acknowledgment of jail credit (form). (Ap. U). The acknowledgment clearly reflects that Petitioner would receive credit from the booking date on the violation (9/13/13) to the day of the plea (5/9/14). The "Acknowledgment Regarding Amount of Credit for Time Served" that Petitioner signed specifically so stated.  (Ap. U).

The written sentencing order was rendered on May 22, 2014, and reflected a term of 72 months with credit time served "FROM 09/13/2013 PER COURT." (Count 1). (Ap. T). As a result, at sentencing Petitioner received credit of 236 days, which was calculated from Petitioner's booking date on the violation (9/13/13) through the date of his plea (5/9/14).

---

[1] Unless otherwise noted, any citations to exhibits are to the exhibits to Respondent's response.

On May 4, 2015,[2] Petitioner filed a motion to correct jail credit pursuant to Florida Rule of Criminal Procedure 3.801. (Ap. V). In some respects, the motion is treated procedurally in the same manner as a 3.850 motion for post-conviction relief. (DE#11, p.4). In the motion, Petitioner alleged that he was entitled to credit for his time served on in the initial offense in addition to the credit from his last booking date from the VOP (691 days). Id.

On May 27, 2015, the court denied the petitioner's motion. (Ap. W). Petitioner appealed and, on March, 9, 2016, Florida's Third District Court of Appeal affirmed the trial court. (Ap. BB). The mandate was issued on June 1, 2016. (Ap. EE).

Petitioner then filed a notice to invoke discretionary jurisdiction before the Florida Supreme Court (Ap. FF). That filing was dismissed on June 8, 2016. (Ap. GG).

Thereafter, on June 30, 2016, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.

## Timeliness

Because petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(per curiam). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[3]

---

[2] Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary, will be presumed to be the date the document was signed. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); see also Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)(setting forth the "prison mailbox rule").

[3] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation

3

See, 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus ...."). Once the limitations period is triggered, the AEDPA clock begins to run.

A properly filed application for state post-conviction relief stops the AEDPA clock, and tolls the limitations period. See 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). The AEDPA clock and limitations period then resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief.[4]  Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). In order to toll the limitations period, however, the state motion for post-conviction relief must be filed before the limitations period expires. See Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir. 2000)(holding that even

---

        of the Constitution or laws of the United States is removed, if the applicant is prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[4] In cases where the defendant does not file a notice of appeal, the AEDPA's limitations period resumes again when the time to seek appellate review of the order denying post-conviction relief expires. See Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). In cases where the defendant moves to voluntarily dismiss the application for state post-conviction relief, the limitations period resumes again on the date that the trial court grants the voluntary dismissal. See Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003).

4

properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

In this case, the limitations period began to run from the date when Petitioner's judgment of revocation became final. In such cases, the AEDPA "marks finality as of 'the conclusion of direct review of the expiration of the time for seeking such review[.]'" Gonzalez v. Thaler, ___ U.S. ___, 132 S.Ct. 641, 653 (2012); see also 28 U.S.C. §2244(d)(1)(A); Jimenez v. Quarterman, 555 U.S. 113, 118-21, 129 S.Ct. 681, 685-86, 172 L.Ed.2d 475 (2009). In cases where a criminal defendant pursues direct review to the United States Supreme Court, judgment becomes final when the Supreme Court affirms the conviction on the merits or denies the petition for certiorari. Gonzalez, 132 S.Ct. at 653. In all other cases, the judgment becomes final when the time for pursuing direct review in the Supreme Court, or in state court, expires. Id.

Here, Petitioner did not appeal the revocation of his probation. His conviction and sentence thus became final when the thirty-day period for seeking an appeal under the Florida Rules of Appellate Procedure expired. See Demps v. State, 696 So. 2d 1296, 1297, n.1 (Fla. 3d DCA 1997); Ramos v. State, 658 So.2d 169 (Fla. 3d DCA 1995); Caracciolo v. State, 564 So.2d 1163 (Fla. 4th DCA 1990); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988); Fla. R. App. P. 9.110(b) (a notice of appeal must be filed within thirty days of rendition of the order to be reviewed); Fla. R. App. P. 9.020(h) ("Rendition" means the filing, not the service, of a signed written order with the clerk of the lower tribunal); see also Gonzalez, 132 S.Ct. at 653; 28 U.S.C. § 2244(d)(1)(A) (one-year period is measured from the date on which the judgment became final by the conclusion of direct review). That date was **June 21, 2014**, which is thirty days after the judgment was entered on May 22, 2014.

As set forth above, Petitioner filed his state motion for jail credit, which Respondent concedes is a tolling motion that was treated as motion for post-conviction relief pursuant to

5

Fla.R.Crim.P 3.850, on May 5, 2015. At that point, **316** days of untolled time had expired from June 21, 2014, the date on which the AEDPA's one-year limitations period began to run. The limitations period then remained tolled either until **June 1, 2016,** the date on which Florida's Third District Court of Appeal issued its mandate disposing of Petitioner's appeal from the order denying his motion for jail credit, or until **June 8, 2016,** the date that the Florida Supreme Court denied Petitioner's request for discretionary review. In the former circumstance, an additional **28** days of untolled time expired before Petitioner filed the instant petition pursuant to § 2254, bringing the total to **344** days of untolled time. In the latter circumstance, only and additional **22** days of untolled time expired before Petitioner filed the instant habeas petition, bringing the total to **338** days of untolled time. As such, the instant petition is timely under §2244(d)(1)(A), regardless of which event one uses as the conclusion of Petitioner's proceedings on his post-conviction motion for jail credit which, in turn, would be the date that restarted the limitations period.[5]

## Discussion

When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254; Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975) (per curiam). "It is established that '[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" Machin v. Wainwright, 758 F.2d 1431, 1433 (11th Cir. 1985)(citations omitted).

---

[5] The parties dispute whether Petitioner is entitled to tolling during the pendency of Petitioner's request to invoke the discretionary jurisdiction of the Florida Supreme Court, but have not adequately briefed the issue. However, the Court need not reach this question since, as just explained, the petition is timely either way.

As a general rule, there is no federal constitutional right to credit for presentence confinement, and absent a state statute requiring such credit, the matter is left to the sentencing judge's discretion. See Palmer v. Dugger, 833 F.2d 253-54 (11th Cir.1987) (*citing* Jackson v. Alabama, 530 F.2d 1231, 1235 (5th Cir.1976); Gremillion v. Henderson, 425 F.2d 1293, 1294 (5th Cir.1970)). Regardless, a state sentencing court's failure to credit a defendant with time served on a split sentence prior to a probation revocation, even if true, is a Florida court's interpretation of Florida's rules, and does not amount to a cognizable claim on federal habeas review. See, e.g., Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir.1991); Oliver v. McNeil, 2009 WL 1149289 (S.D. Fla. April 29, 2009) (habeas review unavailable for claim petitioner was denied credit for time served on split sentence prior to probation revocation). Under such circumstances, no federal constitutional right is implicated. See Branan v. Booth, 861 F.2d 1507 (11th Cir. 1988) (a state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even where "couched in terms of equal protection and due process"), *quoting* Willeford v. Estelle, 538 F.2d 1194, 1996-98 (5th Cir. 1976). As such, Petitioner fails to state a cognizable claim for habeas relief. See Rose, 423 U.S. at 21 (federal habeas review is limited to whether a conviction violated the Constitution, laws, or treaties of the United States); see also Smith v. Ellis, 3:09CV107/MCR/MD, 2010 WL 1645113, at *4 (N.D. Fla. 2010) report and recommendation adopted, 3:09CV107/MCR/MD, 2010 WL 1645111 (N.D. Fla. 2010) ("Petitioner seeks federal habeas relief on the grounds that he was not given full credit against his sentence . . . [S]uch a challenge is not reviewable in this federal habeas corpus proceeding, because it raises only state law issues. Federal habeas corpus relief is available only to correct constitutional injury.").

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the 2applicant," and that if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)."  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.  Rule 11(a) further provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Id.  Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Habeas Rules.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001)(quoting Slack, 529 U.S. at 484).  "Each component of the §2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is

more apparent from the record and arguments." <u>Slack</u>, 529 U.S. at 484–85.

Having determined that Petitioner is not entitled to relief on the merits, the court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in the instant petition. After reviewing the claims presented in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is not warranted. See <u>Miller-El</u>, 537 U.S. at 336–38; <u>Slack</u>, 529 U.S. at 483–84.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be DENIED, and that no certificate of appealbility be issued.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report, including any objections to the recommendation that no certificate of appealability be issued.

SIGNED this 17th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Thaddeus E. Cobb
      M18761
      Hamilton Correctional Institution-Annex
      Inmate Mail/Parcels
      10650 SW 46th Street
      Jasper, FL 32052

      Arlisa Chamise Certain
      444 Brickell Avenue
      Suite 650
      Miami, FL 33131